The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 Can the spouse of a municipal judge serve on the county quorum court since the quorum court sets the county's portion of the salary of the municipal judge?
In response to your question, it is my opinion that the answer is "yes."
After a review of the relevant statutory law regarding municipal judges and county quorum court members, I find no provision which would prohibit an individual from serving as a member of a quorum court simply because the individual's spouse serves as a municipal judge in a jurisdiction within the same county. While mere service on a quorum court does not appear to be prohibited under the circumstances you describe, an issue arises as to whether a quorum court member in these circumstances should participate in proceedings of a quorum court regarding appropriations for a municipal judge's salary. With regard to this issue, it should be noted that the Arkansas General Assembly establishes a mandatory range in which the salaries of municipal judges must fall. See generally A.C.A. § 16-17-108. Thus, the only discretion which rests in a quorum court in those cases where counties share the expenses of a municipal judge's salary is approval of a salary within the range established by the General Assembly and appropriation of sufficient funds to cover the salary. Despite this limited discretion, it is my opinion that prudence dictates that a quorum court member recuse himself or herself from any quorum court discussions or decisions concerning the salary of a municipal judge, to whom the quorum court member is married.
The county ethics law, which is codified at A.C.A. § 14-14-1202
(Cum. Supp. 1993), should also be considered in this matter. Subparagraph (a) of the county ethics law provides, in pertinent part, the following:
 The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. . . . The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally. [Emphasis added.]
While a review of the particular circumstances of each case would be necessary in order to determine whether a violation of the foregoing provision has occurred, it is my opinion that in order to avoid any possible violation of the provision, a quorum court member could, as previously stated, simply recuse himself or herself from any quorum court action pertaining to the salary of a municipal judge who is also the spouse of the quorum court member.
In sum, it is my opinion that an individual is not precluded from serving as a member of a quorum court simply because his or her spouse is a municipal judge whose salary is funded in part by the quorum court of which he or she is a member. However, in order to avoid any possible conflict of interest or appearance of impropriety, prudence dictates that a quorum court member under these circumstances recuse himself or herself from any quorum court action regarding the salary of his or her spouse who serves as a municipal judge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh